# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**CANDANCE ALLEN**

    **Plaintiff**

    **v.**

**A1 ENTERTAINMENT, LLC D/B/A ALLURE GENTLEMEN'S CLUB, a Georgia Domestic Limited Liability,**

    **Defendant.**

_____/

**CASE NO.:**

## COMPLAINT AND JURY DEMAND

Plaintiff, CANDANCE ALLEN (hereinafter " Plaintiff" or " Allen"), by and through the undersigned counsel hereby files this Complaint against A1 ENTERTAINMENT, LLC D/B/A ALLURE GENTLEMEN'S CLUB, a Georgia Domestic Profit Corporation, ("Defendant") and alleges as follows:

## INTRODUCTION

1. Defendant owns and operates a strip club called Allure Gentlemen's Club ("Allure") in Fulton County, Georgia.

2. Defendant miscategorized entertainers/dancers who work at the club as independent contractors and require them to pay to come to work.

3. The entertainers/dancers receive no wage payments from Defendant, but instead only receive gratuities from customers.

1

4. Entertainers/dancers are also required to share tips with others, including employees who do not regularly or customarily receive tips.

5. In addition, Defendant required their entertainers/dancers to share their tips even though Defendant did not provide their entertainers/dancers with notice of the tip credit provisions.

6. As a result, Defendant failed to pay Plaintiff minimum wage compensation she was entitled to under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

8. Plaintiff worked for Defendant in Fulton County, Georgia.

9. Defendant conducts business in Fulton County, Georgia.

10. Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to Local Rule 3.4.

11. Plaintiff is, and at all times relevant to this action was, an individual resident of Sandy Springs, Fulton County, Georgia.

12. Plaintiff was employed as an entertainer at Allure from 2018 through 2020.

13. At all times relevant to this complaint (2018-2020), Defendant owned and operated Allure Gentlemen's Club, a strip club located in Fulton County that engages in the business of entertaining its patrons with nude and/or semi-nude dancing and alcohol.

14. At all material times Defendant was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

15. During the period relevant, the Club qualified as Plaintiff's employer and the employer of all other exotic dancers at the club, within the meaning of the FLSA

16. During the relevant period (2018-2020), the Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

## FACTUAL ALLEGATIONS

17. Plaintiff was employed as an exotic dancer by Defendant during the period of about January 2018 through about March 2020.

18. During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

19. During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

20. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiff during the relevant period.

21. At all times, Defendant had actual knowledge of all hours Plaintiff worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff' work duties.

22. At no time during Plaintiff' period of employment did Defendant ever pay Plaintiff any wages for hours that Plaintiff worked each week.

23. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiff for work duties performed.

24. At all times relevant, Defendant misclassified Plaintiff as independent contractors when shes should have been classified under the FLSA as employee.

25. At all times, Defendant controlled all aspects of the job duties Plaintiff performed through employment rules and workplace policies.

26. At all times, Defendant controlled the method by which Plaintiff could earn money by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

27. At all times, Defendant required Plaintiff to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

28. Defendant hired Plaintiff and had the ability to discipline her, fine them, fire her, and adjust her work schedules.

29. Defendant, through supervisors and managers, supervised the duties of Plaintiff to make sure her job performance was of sufficient quality.

30. As a condition of employment with Defendant, Plaintiff was not required to have or possess any requisite certification, education, or specialized training.

31. At all times relevant, Defendant operated a strip club featuring exotic dancers and at all times it was the job duty of Plaintiff to perform as an exotic dancer for the Club's customers.

32. In addition to failing to pay Plaintiff any wages for hours worked, Defendant required Plaintiff to pay the Club or its ownership or management a house fee or kickback of $50.00-$60.00 or more for each shift Plaintiff worked.

33. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff received from customers.

34. For at least the past twenty (20) years, strip clubs like the Defendants have been publicly sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

35. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for several years, there have been ongoing or past litigation by exotic dancers against gentlemen's clubs like the Club in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

36. For the entire time period relevant to this action, Defendant has had actual or constructive knowledge the Club misclassified Plaintiff as an independent contractor instead of as an employee and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff was in direct violation of the FLSA.

## COUNT I
## VIOLATION OF THE FLSA
### (Failure to Pay Statutory Minimum Wages)

37. Plaintiff hereby incorporate paragraphs 1-36 above by reference as if fully set forth herein.

38. The FLSA required Defendant to pay Plaintiff at an hourly rate at least equal to the Federal Minimum Wage.

39. The FLSA required that Defendant allow Plaintiff to keep all tips and gratuities received from customers.

40. As set forth above, Defendant failed to pay Plaintiff at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

41. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and belonging to Plaintiff.

42. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional and was not in good faith.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

A. A finding that, during the Relevant Liability Period, Defendant has violated 29 U.S.C § 207 of the Fair Labor Standards Act by failing to pay Plaintiff the premium wage of one-and-one-half her regular rate of pay as required by the FLSA;

B. A finding that, during the Relevant Liability Period, Defendant has acted willfully in violating 29 U.S.C. § 207 of the Fair Labor Standards Act by failing to pay Plaintiff the premium wage of one-and-one-half her regular rate of pay as required by the FLSA;

C. A finding that the statute of limitations under for Plaintiff's claims under 29 U.S.C. § 207 of the Fair Labor Standards Act is three years because of the Defendant's willful violation pursuant to 29 U.S.C. § 255;

D. An award to the Plaintiff of unpaid overtime wages during the Relevant Liability Period under 29 U.S.C. § 207 of the Fair Labor Standards Act;

E.  An award to Plaintiff of liquidated damages equal to the unpaid overtime wages under 29 U.S.C. § 207 of the Fair Labor Standards Act or, if liquidated damages are not awarded, then prejudgment interest;

F.  An award to Plaintiff reasonable attorneys' fees and costs;

G.  Prejudgment interests, and, if applicable, post-judgment interest; and

H.  An award of such other and further relief as this Court may deem appropriate.

## JURY DEMAND

The Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury.

Dated this 10th day of February, 2021.

Respectfully submitted,

*s/ Carlos V. Leach*
Carlos V. Leach, Esq.
GA Bar No: 488443
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.